# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **CHANEL, INC.,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 3:15-CV-1393-M (BF)** |
| **ADAM VAN DOREN, et al.,** | ) | |
| **Defendants.** | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is Motion for Partial Summary Judgment [ECF No. 20] filed by Chanel, Inc. ("Plaintiff"). For the reasons stated below, the undersigned respectfully recommends that Plaintiff's Motion for Partial Summary Judgment [ECF No. 20] be **GRANTED**.

## BACKGROUND

On May 4, 2015, Plaintiff filed this trademark infringement suit against Adam Van Doren a/k/a Adam Vandoren, an individual, Kimberley Dawn Gutierrez, a/k/a Kimberley Van Doren a/k/a Kimberley Vandoren a/k/a Kim Van Doren, an individual, d/b/a K&A Custom Creations d/b/a Custom K&A Creations d/b/a Custom Embroidery Creations (collectively, the "Van Doren Defendants"), and Does 1-10 (the "Doe Defendants"). Compl. 1, ECF No. 1. Plaintiff is engaged in the business of manufacturing and distributing throughout the world, including in the Northern District of Texas, handbags, towels, and other products under federally registered trademarks. Compl. 2, ECF No. 1. Plaintiff alleges that the Van Doren Defendants are directly engaged in the sale of counterfeit and infringing products in the Northern District of Texas. Compl. 2, ECF No. 1. Plaintiff states that the Van Doren Defendants are the owners and operators of an e-commerce store that operates under the Seller ID - customembroiderycreations - via the online platform artfire.com

where handbags and towels bearing Plaintiff's federally registered trademarks are sold. Pl.'s Br. 4-5, ECF No. 21. Plaintiff states that while they issued a takedown request to artfire.com, Adam Van Doren responded to the request stating that "the designs were drawn and edited by me, and in doing so they vary in style from Chanel's logo." Pl.'s Br. 7, ECF No. 21. Plaintiff contends that the Doe Defendants are individuals and business entities who conduct business in the Northern District of Texas and are partners or suppliers to the Van Doren Defendants. Compl. 2-3, ECF No. 1. While Plaintiff was unaware of the true names of the Doe Defendants at the time of the filing of its Original Complaint, Plaintiff stated that it would amend the Original Complaint upon discovery of the Doe Defendants' identities. Compl. 3, ECF No. 1. However, as of the date of these Findings, Conclusions, and Recommendation, which is over 18 months after the filing of Plaintiff's Original Complaint, Plaintiff still has not filed the amended complaint.

Plaintiff's Original Complaint brings the following claims against the Van Doren Defendants and the Doe Defendants: **Count I** - Federal Trademark Infringement Pursuant to § 32 of the Lanham Act; **Count II** - Federal Trademark Counterfeiting Pursuant to § 32 of the Lanham Act; **Count III** - False Designation of Origin Pursuant to § 43(a) of the Lanham Act; **Count IV** - Trademark Dilution; and **Count V** - Common Law Trademark Infringement. Compl. 7-11, ECF No. 1. On April 28, 2016, Plaintiff filed its Motion for Partial Summary Judgment seeking summary judgment against the Van Doren Defendants, holding them individually and jointly liable on Counts I through V of the Original Complaint. Pl.'s Br. 34, ECF No. 21. Plaintiff seeks findings in accordance with 15 U.S.C. § 1117(b) which state that the Van Doren Defendants intentionally used copies of Plaintiff's marks, with the knowledge that the marks were counterfeit as defined in 15 U.S. C. § 1116(d) in connection with the sale, offering for sale, or distribution of goods; a permanent injunction; and statutory damages

pursuant to 15 U.S.C. § 1117(c) in an amount to be determined by the Court. Pl.'s Br. 34, ECF No. 21. The Van Doren Defendants failed to file a response and the time to do so has passed.

## STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). The movant's burden can be satisfied by demonstrating that there is an absence of evidence which supports the nonmoving party's case for which that party would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens "by tendering depositions, affidavits, and other competent evidence[.]" *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

The party opposing the summary judgment motion must identify specific evidence in the record and state the precise manner in which that evidence supports his claim. *Esquivel v. McCarthy*, No. 3:15-CV-1326-L, 2016 WL 6093327, at *2 (N.D. Tex. Oct. 18, 2016) (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1988)). "[T]he court is under no duty to sift through the record to find evidence that supports a nonmovant's opposition to a motion for summary judgment." *Id.* (citing *Ragas*, 136 F.3d at 458; *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)). While a defendant's failure to file a response "does not permit the court to enter a

3

'default' summary judgment[,] . . . [a] court, however, is permitted to accept the movant's facts as undisputed when no response or opposition is filed." *Id.* (citing *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988)).

## ANALYSIS

### Counts I & II - Federal Trademark Infringement & Counterfeiting Pursuant to § 32 of the Lanham Act

In order to prevail on a trademark infringement claim under § 32 of the Lanham Act, 15 U.S.C. § 1114, Plaintiff must show that it "has a protectable property right in the name it seeks to defend from use by others[,]" and "infringement, as judged by likelihood of confusion." *Sec. Ctr., Ltd. v. First Nat'l. Sec. Ctrs.*, 750 F.2d 1295, 1298 (5th Cir. 1985) (citing *Falcon Rice Mill, Inc. v. Cmty. Rice Mill, Inc.*, 725 F.2d 336, 345 (5th Cir. 1984)). In order "[t]o be protectable, a mark must be distinctive, either inherently or by achieving secondary meaning in the mind of the public." *Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Cir. 2008) (citing *Pebble Beach Co. v. Tour 18 I Ltd.*, 155 F.3d 526, 536 (5th Cir. 1998); *Sec. Ctr., Ltd.*, 750 F.2d at 1298).

An infringement action under the Lanham Act exists where the defendant "'uses (1) any reproduction, counterfeit, copy[,] or colorable imitation of a mark; (2) without the registrant's consent; (3) in commerce; (4) in connection with the sale, offering for sale, distribution[,] or advertising of any goods; (5) where such use is likely to cause confusion, or to cause mistake or to deceive.'" *Id.* (citing *Boston Prof'l Hockey Ass'n, Inc. v. Dallas Cap & Emblem Mfg.*, 510 F.2d 1004, 1009-10 (5th Cir. 1975); 15 U.S.C. § 1114). The factors used in the Fifth Circuit "in determining whether a likelihood of confusion exists are: '(1) strength of the plaintiff's mark; (2) similarity of design between the marks; (3) similarity of the products; (4) identity of retail outlets and

4

purchasers; (5) similarity of advertising media used; (6) the defendant's intent; (7) actual confusion; and (8) degree of care exercised by potential purchasers.'" *Id.* (quoting *Oreck Corp. v. U.S. Floor Sys., Inc.*, 803 F.2d 166, 170 (5th Cir. 1986)). "'The absence or presence of any one factor ordinarily is not dispositive; indeed, a finding of likelihood of confusion need not be supported even by a majority of the . . . factors.'" *Id.* (quoting *Conan Props., Inc. v. Conans Pizza, Inc.*, 752 F.2d 145, 150 (5th Cir. 1985)).

Plaintiff submits the federal trademark registrations showing ownership of its marks. Ex. A-1, ECF No. 22-2. Plaintiff argues that it cannot be seriously disputed that the Chanel marks are strong, arbitrary, and fanciful. Pl.'s Br. 15-16, ECF No. 21. In addition, Plaintiff attaches images showing that the marks used by the Van Doren Defendants are identical to the Chanel marks. Pl.'s Br. 17, ECF No. 21; Ex. C-3, ECF No. 22-9; Ex. D-1, ECF No. 22-14. Plaintiff also argues that the similarity of the products factor is easily met, because the Van Doren Defendants sell products that are similar to the those sold by Plaintiff, such as totes, messenger handbags, and towels. Pl.'s Br. 18, ECF No. 21. Furthermore, Plaintiff argues that the parties use the same outlet, the internet to sell their products. Pl.'s Br. 18, ECF No. 21. Plaintiff argues that consumers may understandably be confused or deceived into believing that the counterfeit goods are sponsored or associated with Plaintiff, given that they use the same e-commerce retail outlet. Pl.'s Br. 18, ECF No. 21.

Plaintiff argues that the Van Doren Defendants obviously intended to mislead consumers into believing that their products were sponsored by and associated with Plaintiff's reputation for high caliber products by acknowledging on their website that Chanel marks are "famous" and "iconic" and that their products are "inspired" from Chanel's design. Pl.'s Br. 19, ECF No. 21. Plaintiff points out that the Fifth Circuit has stated that while "[p]roof of the defendant's intent to benefit from the

good reputation of the plaintiff's products is not required in order to establish infringement[,]" if the defendant's intent can be demonstrated, "it may provide compelling evidence of a likelihood of confusion." *Oreck Corp. v. U.S. Floor Sys., Inc.*, 803 F.2d 166, 172 (5th Cir. 1986); Pl.'s Br. 19, ECF No. 21. Furthermore, Plaintiff points to responses from Adam Van Doren showing that he was aware of Plaintiff's requests to cease using Plaintiff's marks on multiple occasions, but the Van Doren Defendants continued to sell the counterfeit goods. Pl.'s Br. 20, ECF No. 21; Ex. C-2, ECF No. 22-8 at 2; Ex. C-5, ECF No. 22-11 at 7. Plaintiff also argues that post-sale confusion is inevitable due to the Van Doren Defendants' exact copying of Plaintiff's marks. Pl.'s Br. 21, ECF No. 21. Plaintiff further argues that the consumers who view the products bearing the Chanel marks are unlikely to exercise heightened care prior to making purchases, because they rely on Chanel's reputable name for making high quality goods. Pl.'s Br. 22, ECF No. 22. In addition, Plaintiff argues that because of the low cost of the goods sold on the Van Doren Defendants' website, where the average price of the products is $31.00, the consumers are likely to exercise less care in selecting the goods. Pl.'s Br. 23, ECF No. 22. Plaintiff argues that summary judgment as to Counts I and II of their Original Complaint is appropriate in consideration of the likelihood of confusion factors that weigh overwhelmingly in its favor. Pl.'s Br. 23, ECF No. 22.

Plaintiff's submissions support the strength of its marks. In addition, the submissions by Plaintiff show that there is no discernable difference between Plaintiff's federally trademarked designs and the marks used by the Van Doren Defendants on the goods sold on their website. Plaintiff's submissions further show that the products offered for sale on the Van Doren Defendants' website are similar to the goods sold by Plaintiff. Furthermore, as argued by Plaintiff, both Plaintiff and the Van Doren Defendants use the e-commerce outlet to sell their products, and therefore, they

both cater to the on-line consumer audience. The materials submitted by Plaintiff also show the Van

Doren Defendants' intent, in that Adam Van Doren repeated acknowledged Plaintiff's requests to

cease using its marks, but continued the use. As Plaintiff argues, actual confusion is also likely, given

the virtually identical marks used, and the low degree of care exercised by purchasers of inexpensive

items.

In sum, Plaintiff has demonstrated that the likelihood of confusion factors weigh in Plaintiff's

favor. As previously stated, the Van Doren Defendants failed to file a response, and therefore, the

undersigned construes Plaintiff's summary judgment evidence as being unopposed. Because there

is no genuine dispute of material facts as to Counts I and II of Plaintiff's Original Complaint, the

undersigned recommends that the District Court grant summary judgment with respect to these

counts.

### Count III - False Designation of Origin Pursuant to § 43(a) of the Lanham Act

Plaintiff argues that because it has demonstrated that the Van Doren Defendants have

committed willful trademark infringement and counterfeiting in violation of Section 32(1) of the

Lanham Act, 15 U.S.C. § 1114(1), which only protects registered marks, Plaintiff has also shown

that it is entitled to summary judgment under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a),

which provides broader protection against a wide variety of unfair competition. Pl.'s Br. 24, ECF

No. 21.

> Section 43(a) 'prohibits a broader range of practices than does § 32,' which applies
> to registered marks . . . but it is common ground that § 43(a) protects qualifying
> unregistered trademarks and that the general principles qualifying a mark for
> registration under § [3]2 of the Lanham Act are for the most part applicable in
> determining whether an unregistered mark is entitled to protection under § 43(a).

*Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992) (citing *Inwood Labs., Inc. v. Ives*

*Labs., Inc.*, 456 U.S. 844, 858 (1982); *A.J. Canfield Co. v. Honickman*, 808 F.2d 291, 299 n.9 (3d

Cir. 1986); *Thompson Med. Co. v. Pfizer Inc.*, 753 F.2d 208, 215-16 (2d Cir. 1985)); *see also S&H

Indus., Inc. v. Selander*, 932 F. Supp. 2d 754, 762 (N.D. Tex. 2013) ("Unfair competition claims

under the Lanham Act are governed by the same standard as those for trademark infringement, e.g.,

the likelihood of confusion." (citing *Scott Fetzer Co. v. House of Vacuums, Inc.*, 381 F.3d 477, 483

(5th Cir. 2004); *Matrix Essentials, Inc. v. Emporium Drug Mart*, 988 F.2d 587, 592 (5th Cir. 1993))).

As Plaintiff argues, because there is no genuine issue of material fact as to whether the Van Doren

Defendants' conduct is likely to result in confusion, Plaintiff's motion for summary judgment as to

their false designation of origin claim under 15 U.S.C. § 1125(a) should also be granted. *See

Selander*, 932 F. Supp. 2d at 762 (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475

U.S. 574, 587 (1986)).

## Count IV - Trademark Dilution

Plaintiff argues that it is entitled to summary judgment on its claim for trademark dilution

under 15 U.S.C. § 1125(c)(1). Pl.'s Br. 25, ECF No. 21.

> The Lanham Act, as amended by the Trademark Dilution Revision Act, provides, in
> relevant part, [that] "the owner of a famous mark that is distinctive, inherently or
> through acquired distinctiveness, shall be entitled to an injunction against another
> person who, at any time after the owner's mark has become famous, commences use
> of a mark or trade name in commerce that is likely to cause dilution by blurring or
> dilution by tarnishment of the famous mark, regardless of the presence or absence of
> actual or likely confusion, of competition, or of actual economic injury."

*Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 549 (5th Cir. 2015) (citing 15 U.S.C.

§ 1125(c)(1)).

> To state a dilution claim under the Lanham Act, [the plaintiff] must show that (1) it
> owns a famous and distinctive mark; (2) [the defendant] has commenced using a
> mark in commerce that is diluting [the plaintiff's] mark; (3) the similarity between

> [the plaintiff's] mark and [the defendant's] mark gives rise to an association between the marks; and (4) the association is likely to impair the distinctiveness of [the plaintiff's] mark or harm the reputation of [the plaintiff's] mark.

*Id.* (citing *Nat'l Bus. Forms & Printing, Inc. v. Ford Motor Co.*, 671 F.3d 526, 536 (5th Cir. 2012)).

A "mark is famous if it is widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." 15 U.S.C. § 1125(c)(2)(A).

> In determining whether a mark possesses the requisite degree of recognition, the court may consider all relevant factors, including the following: (i) The duration, extent, and geographic reach of advertising and publicity of the mark, whether advertised or publicized by the owner or third parties. (ii) The amount, volume, and geographic extent of sales of goods or services offered under the mark. (iii) The extent of actual recognition of the mark. (iv) Whether the mark was registered under the Act of March 3, 1881, or the Act of February 20, 1905, or on the principal register.

*Id.*

Plaintiff submits the declaration of Adrienne Hahn Sisbarro, Plaintiff's Director, Intellectual Property and Legal Operations, which states that Plaintiff has spent tens of millions of dollars in advertising and promotion of its goods and associated trademarks, that Plaintiff's sales of handbags and towels have been well into many tens of millions of dollars, that Plaintiff's genuine goods are among the best-selling handbags and towels in the world, and that Plaintiff's marks are each registered on the Principal Register. Sisbarro Decl. 3-4, ECF No. 22-1. In addition, Plaintiff submits documents in support of its position that its marks have been in use in commerce in connection with a variety of goods since 1954, and that the Van Doren Defendants began their business on artfire in 2014. Pl.'s Br. 27-28, ECF No. 21; Ex. A-1, ECF No. 22-1; Ex. D-1, ECF No. 22-14. Furthermore, Plaintiff submits images of handbags and towels bearing Plaintiff's marks being offered for sale on the Van Doren Defendants' website and argues that the Van Doren Defendants engaged in the

9

unauthorized commercial use of Plaintiff's marks. Pl.'s Br. 28, ECF No. 21; Ex. B-1, ECF No. 22-4; Ex. C-3, ECF No. 22-9; D-1, ECF No. 22-14.

Dilution by blurring is defined as "association arising from the similarity between a mark or trade name and a famous mark that impairs the distinctiveness of the famous mark." 15 U.S.C. § 1125(c)(2)(B).

> In determining whether a mark or trade name is likely to cause dilution by blurring, the court may consider all relevant factors, including the following: (i) The degree of similarity between the mark or trade name and the famous mark. (ii) The degree of inherent or acquired distinctiveness of the famous mark. (iii) The extent to which the owner of the famous mark is engaging in substantially exclusive use of the mark. (iv) The degree of recognition of the famous mark. (v) Whether the user of the mark or trade name intended to create an association with the famous mark. (vi) Any actual association between the mark or trade name and the famous mark.

15 U.S.C. § 1125(c)(2)(B). In support of its argument for dilution by blurring, Plaintiff references the images submitted showing that the Van Doren Defendants' use of the marks are identical visually and phonetically. Pl.'s Br. 29, ECF No. 21; Ex. A-1, ECF No. 22-2; Ex. C-3, ECF No. 22-9; Ex. D-1, ECF No. 22-14. In addition, Plaintiff argues that its marks are fanciful and arbitrary and have acquired secondary meaning, and therefore, they are distinctive. Pl.'s Br. 29, ECF No. 21. Plaintiff references the Sisbarro declaration wherein she states that no other manufacturer uses Plaintiff's marks or substantially similar marks. Pl.'s Br. 30, ECF No. 21; Sisbarro Decl. 4, ECF No. 22-1. Plaintiff also argues that it is appropriate to infer that the Van Doren Defendants intend to trade on Plaintiff's goodwill or create an association with Plaintiff's marks, because they are using marks that are identical to Plaintiff's marks. Pl.'s Br. 30-31, ECF No. 35-36. With respect to actual association between Plaintiff's marks and the marks used by the Van Doren Defendants, Plaintiff states that it is not presently aware of any actual confusion by consumers of the marks. Pl.'s Br. 31, ECF No. 21.

10

Dilution by tarnishment "is association arising from the similarity between a mark or trade name and a famous mark that harms the reputation of the famous mark." 15 U.S.C. § 1125(c)(2)(C). Plaintiff argues that it is undisputed that the Van Doren Defendants have caused dilution by tarnishment because the inferior quality of their goods naturally harms the reputation of Plaintiff's famous marks. Pl.'s Br. 31, ECF No. 21. Plaintiff further argues that because it has shown that the Van Doren Defendants are using marks that are identical to Plaintiff's marks, circumstantial evidence supports a finding of actual dilution. Pl.'s Br. 32, ECF No. 21; *Mosely v. V Secret Catalogue, Inc.*, 537 U.S. 418, 434 (2003) ("direct evidence of dilution . . . will not be necessary if actual dilution can reliably be proved through circumstantial evidence-the obvious case is one where the junior and senior marks are identical.").

Upon consideration of the foregoing, the undersigned finds that Plaintiff has demonstrated that it is entitled to summary judgment on its trademark dilution claim under 15 U.S.C. § 1125(c). Because the Van Doren Defendants failed to file a response showing that summary judgment is not proper, the District Court should grant summary judgment with respect to this claim.

## Count V - Common Law Trademark Infringement

Plaintiff argues that because an analysis of a common law trademark infringement claim under Texas law is the same as for a federal trademark infringement claim, Plaintiff is also entitled to summary judgment on its common law claim. Pl.'s Br. 24-25, ECF No. 21. "A trademark infringement and unfair competition action under Texas common law presents essentially 'no difference in issues than those under federal trademark infringement actions.'" *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 235 n.7 (5th Cir. 2010) (quoting *Horseshoe Bay Resort Sales Co. v. Lake Lyndon B. Johnson Improvement Corp.*, 53 S.W.3d 799, 806 n.3 (Tex. App.-Austin

11

2001, pet. denied); *Zapata Corp. v. Zapata Trading Int'l, Inc.*, 841 S.W.2d 45, 47 (Tex. App.-Houston [14th Dist.] 1992, no writ)). As noted above, there is no genuine issue of material fact regarding the elements of Plaintiff's trademark infringement claim under the Lanham Act. Because the issues presented by Plaintiff's Texas common law claim for trademark infringement are the same as its federal claim, no reasonable trier of fact could find in favor of the Van Doren Defendants on the state law claim. Therefore, Plaintiff's request for summary judgment on Count V - Common Law Trademark Infringement should be granted.

## **Permanent Injunction**

Plaintiff seeks a permanent injunction pursuant to 15 U.S.C. § 1116(a) prohibiting the Van Doren Defendants from using Plaintiff's marks. Pl.'s Br. 32-34, ECF No. 21. In order to warrant the entry of a permanent injunction, Plaintiff must show:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006); *see also Mary Kay, Inc. v. Weber*, 661 F. Supp. 2d 632, 639-40 (N.D. Tex. 2009). The determination as to whether an injunction should be granted and the proper scope of the injunctive relief lies within the discretion of the Court. *Frostie Co. v. Dr. Pepper Co.*, 361 F.2d 124, 126-27 (5th Cir. 1966); *Grand Time Corp. v. Watch Factory Corp.*, No. 3:08-CV-1770-K, 2011 WL 2412960, at *9 (N.D. Tex. June 10, 2011). "The same evidence that supported a likelihood of confusion with regard to Plaintiff's trademark infringement claim demonstrates the necessary irreparable harm." *Selander*, 932 F. Supp. 2d at 765 (citing *Mary Kay, Inc.*, 661 F. Supp. 2d at 640). "[I]f one trademark user cannot control the quality of the

12

unauthorized user's goods and services, he can suffer irreparable harm." *Hawkins Pro-Cuts, Inc. v. DJT Hair, Inc.*, No. 3:96-CV-1728-R, 1997 WL 446458, at *7 (N.D. Tex. July 25, 1997). "Plaintiff's loss of control also demonstrates that money damages cannot adequately compensate Plaintiff for Defendant's unauthorized use of the Mark." *Selander*, 932 F. Supp. 2d at 765. "Furthermore . . . evidence that [the plaintiff] has invested considerable time, effort and expense in promoting the Mark and the Logo . . . [supports a finding that] the balance of hardships weighs in favor of granting an injunction." *Id.* (citing *Pro Hardware, Inc.*, 607 F. Supp. at 154; *Helene Curtis Indus. v. Church & Dwight Co., Inc.*, 560 F.2d 1325, 1333 (7th Cir. 1977)).

Plaintiff argues that its showing of a likelihood of confusion supports a finding of irreparable injury. Pl.'s Br. 32, ECF No. 21. Moreover, Plaintiff argues that money damages alone will not cure its injury, because it suffered a loss of goodwill and damage to its reputation. Pl.'s Br. 33, ECF No. 21. Plaintiff further argues that it has expended substantial time, money, and other resources to develop the quality, reputation, and goodwill associated with its marks and the genuine goods bearing its marks, and that if the Van Doren Defendants are permitted to continue their trade in counterfeit goods, Plaintiff will continue to suffer substantial losses and damage to its reputation. Pl.'s Br. 33, ECF No. 21. Furthermore, Plaintiff argues that the Van Doren Defendants have no right to engage in their counterfeiting activities, and the issuance of an injunction will only serve to prevent them from engaging in illegal conduct.

Upon consideration of the foregoing, the undersigned finds that the issuance of an injunction is warranted. Plaintiff has shown irreparable injury by demonstrating the likelihood of confusion and an inability to control the quality of the Van Doren Defendants' goods bearing Plaintiff's marks. Plaintiff also shows that money damages are not adequate to compensate Plaintiff for its injuries,

because the Van Doren Defendants' infringement harms Plaintiff's goodwill and reputation. Furthermore, an equitable remedy is warranted when considering the balance of hardships between the parties, because Plaintiff has invested considerable resources into its goodwill and reputation. In addition, the public interest would not be disserved by the issuance of a permanent injunction, because such an injunction serves to prevent the Van Doren Defendants from engaging in illegal conduct. Therefore, the undersigned recommends that the District Court grant Plaintiff's request for a permanent injunction.

### Statutory Damages Award Pursuant to 15 U.S.C. § 1117(c)

Plaintiff seeks a statutory damages award pursuant to 15 § U.S.C. 117(c) ("Section 1117(c)") in an amount to be determined by the Court. Pl.'s Br. 34, ECF No. 21. Section 1117(c) states the following:

> In a case involving the use of a counterfeit mark (as defined in section 1116(d) of this title) in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a) of this section, an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of--(1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or (2) if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

15 § U.S.C. 117(c).

"In awarding damages under the Lanham Act, the district court has 'wide discretion in determining a just amount or recovery for trademark infringement.'" *Phoenix Entm't Partners, LLC v. Liquid Monkey Lounge, Inc.*, No. SA-15-CA-00592-DAE, 2015 WL 12659927, at *4 (W.D. Tex. Dec. 17, 2015) (quoting *Coach, Inc. v. Brightside Boutique*, No. 1:11-CA-20-LY, 2012 WL 32941,

at *5 (W.D. Tex. Jan. 6, 2012); *Martin's Herend Imports, Inc. v. Diamond & Gem Trading USA, Co.*, 112 F.3d 1296, 1304 (5th Cir. 1997)). "Courts generally consider the factors relevant for statutory damages in copyright infringement cases to calculate statutory damages in trademark counterfeiting cases." *Id.* (citing *Coach, Inc.*, 2012 WL 32941, at *5; *Microsoft Corp. v. Software Wholesale Club, Inc.*, 129 F. Supp. 2d 995, 1008 (S.D. Tex. 2000); *Sara Lee Corp. v. Bags of New York, Inc.*, 36 F. Supp. 2d 161, 166 (S.D.N.Y. 1999)).

> In the copyright infringement context, courts have considered the following factors in setting statutory damage awards: (1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the copyright; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant.

*Id.* (citing *Coach, Inc.*, 2012 WL 32941, at *5; *Malletier v. Whenu.com, Inc.*, No. 05-Civ-1325 (LAK), 2007 WL 257717, at *4 (S.D.N.Y. Jan. 26, 2007)); *see also Sculpt, Inc. v. Sculpt New York, LLC*, No. H-14-3398, 2015 WL 6690224, at *5 (S.D. Tex. Nov. 3, 2015) ("To determine where on th[e] spectrum the damages award should lie, [c]ourts [have also] consider[ed] such factors as the willfulness of the defendant's conduct, the deterrent effect of an award on both the defendant and on others, the value of the [mark], whether the defendant has cooperated in providing necessary records to assess the value of the infringing material, and the losses sustained by the plaintiff.") (internal quotation marks and citation omitted)).

The undersigned recommends that the District Court award Plaintiff $50,000.00 for each of the three registered trademarks used, for a total award of $150,000.00. *See* Ex. A-1, ECF No. 22-2. The Van Doren Defendants' conduct in ignoring Plaintiff's repeated requests to cease using its registered marks, and their failure to respond to discovery requests or appear at noticed depositions,

as discussed in Plaintiff's summary judgment brief, demonstrate their lack of seriousness towards their infringing conduct. While the Van Doren Defendants' business appears to be a relatively small operation, the undersigned finds that the statutory award needs to be significant enough to deter these defendants and others from engaging in similar conduct. Upon consideration of the various statutory awards given in this district and other district courts in Texas, and the respective facts, the undersigned finds that an award of $150,000.00 is significant enough to have the deterrent effect necessary, given the circumstances of this case. *See Farouk Sys., Inc. v. Parmar*, No. H-07-3384, 2008 WL 3852350, at *5 (S.D. Tex. Aug. 14, 2008) ("The circumstances of this case (in particular defendant's failure to cease selling, offering for sale, and distributing his counterfeit CHI-branded hair irons after the filing of this lawsuit), and ignoring pleadings (FSI's Application for Preliminary Injunction) and discovery requests directed to him justifies damages in the amount of $250,000.00."); *Rolex Watch USA, Inc. v. Zolotukhin*, No. 3:14-CV-2867-L, 2016 WL 1258479, at *2 (N.D. Tex. Mar. 31, 2016) ("The court finds that a statutory damage award in the amount of $50,000 for each of the ten (10) Rolex Registered Trademarks that Defendant willfully counterfeited, for a total award of $500,000, is reasonable under the facts presented in this case to fairly achieve the statutory goals of compensating Rolex, punishing Defendant, and deterring Defendant and others who sell or may sell counterfeit merchandise from doing so in the future.").

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the District Court **GRANT** Plaintiff's Motion for Partial Summary Judgment [ECF No. 20]. In addition, the undersigned recommends that the District Court order Plaintiff to submit a proposed judgment and permanent injunction within two weeks of the entry of the District Court's Order accepting these Findings, Conclusions, and Recommendation.

**SO RECOMMENDED**, this 28th day of November, 2016.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).